**AFFIRM; and Opinion Filed October 29, 2015.**



In The

# Court of Appeals
## Fifth District of Texas at Dallas

### No. 05-14-00653-CV

### DONAL R. SCHMIDT, JR., Appellant
### V.
### BPC  CORPORATION., Appellee

**On Appeal from the County Court at Law No. 3**
**Dallas County, Texas**
**Trial Court Cause No. CC-12-03379-C**

## MEMORANDUM OPINION
Before Justices Bridges, Francis, and Myers
Opinion by Justice Bridges

At the conclusion of a bench trial, the trial court sanctioned appellant Donal R. Schmidt, Jr. $42,000 in attorney's fees for his failure to disclose board minutes during discovery that related to appellee BPC Corporation's alter ego cause of action.  On appeal, Schmidt argues he did not violate a discovery order or have a duty to supplement discovery; therefore, he did not engage in any sanctionable conduct.  In the alternative, Schmidt argues if he had a duty to supplement, the amount of the sanction is arbitrary and violated his due process rights.  We affirm the trial court's judgment.

### Background

On February 1, 2011, Sun River Energy I, LLC entered into a lease for office space from BPC.  Schmidt signed the lease in his capacity as president and CEO.  On April 16, 2012, Sun River I, LLC defaulted under the lease.

On the same day BPC filed its original breach of contract suit against the Sun River entities ("Sun River") and Schmidt individually, in his capacity as president and CEO, Schmidt reached a settlement with Sun River regarding a breach of his employment contract. Schmidt received a note for $2.53 million secured by a first lien position in property owned by Sun River in New Mexico.

BPC later amended its petition and asserted a cause of action for alter ego, claiming the corporate veil between Sun River Energy, Inc. and/or Sun River Energy I, LLC and Schmidt should be disregarded because the entities were used to perpetuate a fraud, partly based on the settlement agreement Schmidt received.

BPC filed a motion to compel discovery, which the trial court heard on October 12, 2012. BPC sought discovery regarding "Articles of Incorporation and/or formation; operating agreement; minutes; agendas; resolutions; and/or by-laws, if any" related to Sun River Energy I, LLC. The court signed an order on October 25, 2012 granting BPC's motion to compel production of the Board of Directors minutes, along with other corporate documents, from Sun River Energy I, LLC on or before October 30, 2012. Schmidt did not produce any responsive documents. During a later deposition, Schmidt agreed to produce the board minutes, if any existed, by January 2013. Schmidt did not produce any board minutes.

At the beginning of the bench trial in April 2014, Sun River Energy, Inc. and Sun River Energy I, LLC stipulated to liability, which left only the issues of damages and Schmidt's personal liability before the court to decide. Despite Schmidt's repeated arguments and objections to the contrary, the trial court determined the board minutes were relevant and necessary for it to reach a decision on BPC's alter ego cause of action.

During trial, Schmidt admitted his awareness of the trial court's order requiring production of the board minutes and his agreement to produce them in January of 2013.

–2–

Moreover, when it became clear the trial judge was not backing down from her interest in the board minutes, Schmidt said, "My suggestion would be to ask the Court for a continuance to give me time to find these documents that would aid the Court in making a decision, particularly with respect to alter ego." He agreed the corporate minutes should be produced, that there was a court order, and that it was his responsibility to produce them.[1]

Thimothy Wafford, the chief operating officer for the Sun River entities, testified during an offer of proof that he found board of director minutes on his computer. The trial judge did not allow Wafford to testify about the contents of the minutes because the minutes themselves were the best evidence. She also refused to admit the minutes because they had simply been accessed through a computer.

After the evidence was closed but before reaching a conclusion on BPC's alter ego cause of action, the trial judge requested additional briefing from the parties on the issue. She also stated she would assume the board minutes existed because

> You said in your deposition they did. No one has ever said different. As a matter of fact, I heard here today that you found some of this online. So I know you can bring those minutes if you want to. You just didn't choose to.

Schmidt again admitted to violating the court's discovery order. Stuart Newsome, the assistant general counsel, agreed to turn over the board minutes taken during Schmidt's tenure as president and CEO.

Both parties filed additional briefing on alter ego as requested by the trial court. The parties reconvened days later to argue their positions. At that hearing, Schmidt turned over board minutes from May 11, 2012, which discussed his employment settlement. At the

---

[1] During parts of the trial, Schmidt argued he did not know whether certain documents had been produced because he was the third attorney to work on the case. He later backed down from his stance, as the trial court repeatedly admonished him it was his duty to know the file and the documents produced regardless of not being the original attorney on the case.

conclusion of the hearing, the trial judge sanctioned Schmidt $42,000 in attorney's fees for failing to turn over the board minutes.

The final judgment awarded $654,456.61 to BPC for actual damages and $61,626.36 in attorney's fees from defendants Sun River Energy, Inc. and Sun River Energy I, LLC. In a hand-written notation, the trial court stated, "It is further ordered that Plaintiff BPC Corp. have and recover $42,000 in attorney's fees from Donal R. Schmidt, Jr. Individually as a sanction for failure to disclose board minutes."

Schmidt appeals the trial court's $42,000 sanction award.

## Discussion

We review an imposition of sanctions under an abuse of discretion standard. *Nath v. Tex. Children's Hosp.*, 446 S.W.3d 355, 362 (Tex. 2014). A sanctions award will not withstand appellant scrutiny if the trial court acted without reference to guiding rules and principles to such an extent that its ruling was arbitrary and unreasonable. *Id.* But we will not hold that the trial court abused its discretion in levying sanctions if some evidence supports its decision. *Id.*

If the sanctions imposed are not just, a trial court abuses its discretion. *TransAmerican Nat. Gas Corp. v. Powell*, 811 S.W.2d 913, 917 (Tex. 1991) (orig. proceeding). To determine whether sanctions are just we apply a two-prong test. *Id.* The first prong requires a direct relationship exist between the offensive conduct and the sanction imposed. *Id.* Under this prong, the trial court should attempt to determine if the offensive conduct is attributable to the attorney, the party, or both. *Id.* The second prong requires the sanctions be no more severe than necessary to satisfy its legitimate purpose. *Id.* Thus, the sanction must not be excessive. *TransAmerican*, 811 S.W.2d at 917.

In his first issue, Schmidt argues he did not have a duty to supplement discovery; therefore, the trial court abused its discretion in awarding attorney's fees. Texas Rule of Civil

Procedure 193.5(a)(2) provides that if a party learns his response to written discovery was "incomplete or incorrect when made, or, although complete and correct when made, is no longer complete and correct, the party must amend or supplement . . . to the extent that the written discovery sought other information, unless the additional or corrective information has been made known to the other parties in writing, on the record at a deposition, or through other discovery responses." TEX. R. CIV. P. 193.5(a)(2). Schmidt admits he had a duty to supplement, but he contends the duty may be excused under rule 193.5(a)(2) when the corrective information has been made known to the party "on the record." He alleges by producing the board minutes on the second day of trial as part of a defense exhibit, he met the "on the record" requirement expressed in rule 193.5(a)(2). Schmidt's argument, however, ignores the following language, which provides that the duty to supplement may be excused when the corrective information is made known on the record "at a deposition." Such was not the case here. Rather, Schmidt agreed during his deposition he needed to produce the documents, but he did not produce the documents on the record during the deposition. Thus, Schmidt's argument that he complied with rule 193.5 is without merit.

In reaching this conclusion, we are likewise unpersuaded by his argument that the same information about his settlement agreement was produced through another exhibit admitted during trial. Schmidt claims Plaintiff's Exhibit 11, the Form 10-K for Sun River Energy, Inc. for the period ending June 30, 2012, which was a public record, contained the exact same "offending board minutes" as the trial court later admitted as Defendant's Exhibit 2. We do not agree.

Schmidt admitted to the trial court that "in all fairness, the documents you're referring to, with the exception of the board minutes, are public documents." Thus, to argue "the 10K contained all the information the board minutes contained" is incorrect. The 10-K, while it includes some information about Schmidt's employment settlement, does not include the

–5–

calculations used by the board to determine his settlement amount. The specific calculations and how the board determined the amount of his settlement was the information the trial court sought.

Thus, the record is clear the trial court ordered Schmidt to produce board minutes, which he failed to do. He admitted to violating the court's order. As such, the trial court was authorized under Texas Rule of Civil Procedure 215.2 to impose sanctions for abusing the discovery process by failing to comply with a proper discovery request and disregarding a discovery order. *See* TEX. R. CIV. P. 215.2(b). Schmidt's first issue is overruled.

Having concluded the trial court did not abuse its discretion when it determined Schmidt engaged in sanctionable conduct, we now turn to Schmidt's second issue to determine whether the sanction amount was arbitrary and violated his due process rights.

BPC argues Schmidt waived his due process argument because he failed to object to the trial court's lack of notice or hearing before imposing sanctions. *See* TEX. R. CIV. P. 215.3 (trial court may, after notice and hearing, impose sanctions authorized under rule 215.2(b) against a party abusing the discovery process). We agree. The record does not indicate Schmidt raised any objection to the trial court regarding the lack of notice or a hearing before it imposed sanctions. Thus, to the extent Schmidt argues his due process rights were violated, his argument is waived. *See* TEX. R. APP. P. 33.1 (to preserve error for appeal, party must make timely and sufficiently specific objection to the trial court); *see also Howell v. Tex. Workers' Comp. Comm'n*, 143 S.W.3d 416, 450 (Tex. App.—Austin 2004, pet. denied) ("[W]hen an attorney fails to complain of the sanction imposed and fails to ask the trial court to reconsider its actions in imposing the sanction, the attorney waives any complaint about the trial court's actions.").

We likewise conclude Schmidt failed to preserve his argument challenging the sanction amount as arbitrary. Again, Schmidt failed to object to the trial court that $42,000 in attorney's

fees as a discovery sanction was arbitrary. *See* Tex. R. App. P. 33.1; *see also Howell*, 143 S.W.3d 416, 450. Nothing in the record indicates he made the trial court aware that he believed the amount of attorney's fees awarded was not directly related to his sanctionable discovery conduct. *But see, e.g., Zuehl Land Dev., LLC v. Zuehl Airport Flying Cmty. Owners Ass'n, Inc.*, No. 01-14-00562-CV, 2015 WL 1827570, at *11 (Tex. App.—Houston [1st Dist.] Apr. 21, 2015) (party objected fees incurred were not related to sanctionable discovery conduct, and therefore adequately informed trial court of complaint to preserve issue for review). Schmidt also failed to file a post-judgment motion complaining about the amount of the sanctions awarded. Because the trial court was not given the opportunity to correct any perceived error, Schmidt failed to preserve his complaint regarding the amount of sanctions for appellate review. We overrule Schmidt's second issue.

## Conclusion

We affirm the trial court's judgment.

/David L. Bridges/

DAVID L. BRIDGES
JUSTICE

140653F.P05



# Court of Appeals
# Fifth District of Texas at Dallas

## JUDGMENT

DONAL R. SCHMIDT, JR., Appellant

No. 05-14-00653-CV      V.

BPC CORPORATION, Appellee

On Appeal from the County Court at Law No. 3, Dallas County, Texas
Trial Court Cause No. CC-12-03379-C.
Opinion delivered by Justice Bridges.
Justices Francis and Myers participating.

In accordance with this Court's opinion of this date, the judgment of the trial court is **AFFIRMED**.

It is **ORDERED** that appellee BPC CORPORATION recover its costs of this appeal from appellant DONAL R. SCHMIDT, JR.

Judgment entered this 29th day of October, 2015.